LUCERO, Circuit Judge,
concurring in part, dissenting in part.
I join in the majority opinion with the exception of Section IV.C., as to which I dissent. Race is never relevant to sentencing determinations. U.S.S.G. § 5H1.10. There is no doubt in my mind that the trial court’s comments on race uttered at Mrs. Guidry’s sentencing were motivated by good intent. Nonetheless, it is impossible to overlook the fact that Mrs. Guidry’s race played some role in the denial of the motion for downward departure. In making this sentencing decision, the trial court expressly and unequivocally sought to send a message — or not send the “wrong” message — to the African-American community of Wichita, a community to which Mrs. Guidry belonged. While it may be permissible to use a sentence to send a message to criminal groups, it is impermissible to use a sentence to send a message to racial groups. Cf. United States v. Munoz, 974 F.2d 493, 496 (4th Cir.1992) (“[T]he connection between the group targeted for deterrence and the defendant must be the criminal conduct and not the defendant’s national origin.”). Similarly, while a sentencing court has discretion to disregard a defendant’s benevolent activities, see U.S.S.G. § 5K2.0, it may not to do so for the explicit purpose of sending a message to the racial community that benefits from those activities.
Because U.S.S.G. § 5H1.10 prohibits the consideration of race in sentencing determinations, and because the sentencing court controverted that principle, I would reverse and remand for resentencing for this reason as well.